1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8                         WESTERN DIVISION

9

10   ROOSEVELT BRIAN MOORE,          )    No. CV 11-4256 JAK (FFM)
                                     )
11                   Petitioner,     )    ORDER RE SUMMARY
                                     )    DISMISSAL OF ACTION WITHOUT
12        vs.                        )    PREJUDICE
                                     )
13   M. BITER, WARDEN,               )
                                     )
14                   Respondent.     )
                                     )
15   _____  )

16        On or about May 9, 2011, petitioner constructively filed a Petition for Writ

17   of Habeas Corpus by a Person in State Custody ("Petition") herein. The Petition

18   challenges a 1992 sentence.

19        Petitioner alleges that he has a petition for writ of habeas corpus currently

20   pending before the California Supreme Court. (Petition at 8 of 10.)

21        As a matter of comity, a federal court will not entertain a habeas corpus

22   petition unless the petitioner has exhausted the available state judicial remedies on

23   every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102

24   S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides

25   that a habeas petition brought by a person in state custody "shall not be

26   granted unless it appears that -- (A) the applicant has exhausted the remedies

27   available in the courts of the State; or (B)(I) there is an absence of available State

28   corrective process; or (ii) circumstances exist that render such process ineffective

to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Because petitioner alleges that he currently has a petition pending in the California Supreme Court, the exhaustion issue here is governed by the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

///

///

| | |
|---|---|
| 1 | [E]ven were Sherwood to have exhausted all his state remedies with |
| 2 | respect to the denial of his appointed counsel and free transcript |
| 3 | request, that would not be enough to satisfy the requirements of 28 |
| 4 | U.S.C. §§ 2254(b) and (c).  When, as in the present case, an appeal of a |
| 5 | state criminal conviction is pending, a would-be habeas corpus |
| 6 | petitioner must await the outcome of his appeal before his state |
| 7 | remedies are exhausted, even where the issue to be challenged in the |
| 8 | writ of habeas corpus has been finally settled in the state courts. |
| 9 | As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th |
| 10 | Cir. 1969), even if the federal constitutional question raised by the |
| 11 | habeas corpus petitioner cannot be resolved in a pending state appeal, |
| 12 | that appeal may result in the reversal of the petitioner's conviction on |
| 13 | some other ground, thereby mooting the federal question. |
| 14 | *Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted). |
| 15 | Other courts in this Circuit also have applied the *Sherwood* dismissal rule |
| 16 | where the petitioner had a state habeas petition pending.  *See, e.g., Lockhart v.* |
| 17 | *Hedgpeth*, 2008 WL 2260674, **1 (N.D. Cal. 2008); *Craft v. Sisko*, 2008 WL |
| 18 | 906438, *1-*2 (C.D. Cal. 2008); *McDade v. Board of Corrections*, 2007 WL |
| 19 | 3146736, *1 (N.D. Cal. 2007); *Hancock v. Marshall*, 2007 WL 1521002, *1 (N.D. |
| 20 | Cal. 2007); *Kilgore v. Malfi*, 2007 WL 1471293, *2-*3 (N.D. Cal. 2007). |
| 21 | Therefore, the Petition is subject to dismissal. |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

1    IT IS THEREFORE ORDERED that this action be summarily dismissed

2  without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

3  in the United States District Courts.

4    LET JUDGEMENT BE ENTERED ACCORDINGLY.

5

6  Dated: July 1, 2011

7

8  _____

9    JOHN A. KRONSTADT
     United States District Judge

10

11  Presented by:

12

13   /S/ FREDERICK F. MUMM
     FREDERICK F. MUMM

14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28